**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4840**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

MISCHA ABSOLOMON WALKER, a/k/a Mischa Walker,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:12-cr-00199-RWT-1)

───────────

Submitted: April 17, 2013            Decided: May 1, 2013

───────────

Before WILKINSON, KING, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Gary E. Proctor, LAW OFFICE OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Leah Jo Bressack, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mischa Absolomon Walker appeals the district court's judgment imposing a 120-month sentence following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Walker argues that his sentence is procedurally unreasonable because the district court failed to address specific mitigating factors raised by counsel at the sentencing hearing. Walker also argues that his sentence is substantively unreasonable because the district court allegedly indicated that a lower sentence would have been sufficient. We affirm.

We review Walker's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). We first review for "significant procedural error[s]," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, . . . or failing to adequately explain the chosen sentence." 552 U.S. at 51. To avoid procedural error, the district court must make an "individualized assessment," wherein it applies the relevant § 3553(a) factors to the specific facts of the defendant's case. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

2

Contrary to Walker's assertion that the district court failed to address specific mitigating factors raised at the sentencing hearing, the court methodically considered the § 3553(a) factors and adequately explained the sentence.[1] See United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (stating that district court must only provide "some indication" that it considered "the potentially meritorious arguments raised by both parties about sentencing"). Because the district court articulated its consideration of Walker's prior military service, drug addiction, lack of intent to harm others during the instant offense, remorse, and personal history and characteristics, we conclude that Walker's sentence is procedurally reasonable.

Walker also argues that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion, "examin[ing] the totality of the circumstances," and, if the sentence is within the properly calculated Guidelines range, apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the

---

[1] Walker does not challenge on appeal the calculation of the advisory Guidelines range of 100 to 120 months.

sentence is unreasonable when measured against the § 3553(a) factors." Montes-Pineda, 445 F.3d at 379 (internal quotation marks omitted).

We conclude that Walker's 120-month, within-Guidelines sentence is substantively reasonable, as Walker fails to overcome the appellate presumption of reasonableness afforded his sentence. The district court carefully considered the § 3553(a) factors, noting the seriousness of Walker's use of a stolen, sawed-off shotgun while under the influence of drugs, his violent prior convictions, his lack of respect for the law, and the serious need to protect the public from Walker. Moreover, the court considered the particular needs of Walker in crafting the sentence, recommending that he receive drug abuse and mental health treatment.

Walker argues that his sentence is substantively unreasonable because the district court stated that a 105-month sentence would be sufficient to meet the goals of sentencing and therefore improperly applied a presumption in favor of the higher Guidelines range established at sentencing. The district court stated that it "would impose a variant sentence of 105 months were the sentencing range upon review to be determined to

be [84 to 105 months]." (J.A. 79).[2] However, when read in context, it is evident that the district court merely misspoke and was articulating that it considered the 120-month sentence to be the only sufficient sentence in Walker's case. Specifically, the district court stated that a sentence in the lower range of 84 to 105 months "would not be sufficient to meet the purposes of sentencing." (J.A. 79). Moreover, the court emphasized that Walker's case represented a circumstance "that requires the public to be protected for the maximum amount of time." (J.A. 79). Finally, the district court indicated that it "simply cannot fathom a sentence that would be one minute less than 120 months." (J.A. 80). Accordingly, we conclude that Walker's argument is unpersuasive and that the sentence is substantively reasonable.[3] See Mendoza-Mendoza, 597 F.3d at 218 (stating that district court's comments must be viewed in context and that "where an appellate court believes that a sentencing court did not treat the Guidelines sentence as presumptively applicable, then there is no . . . presumption [in favor of a Guidelines sentence,] . . . even if stray language in

---

[2] Citations "J.A." refer to the joint appendix filed by the parties in this appeal.

[3] We have considered Walker's remaining arguments on appeal and conclude they are meritless.

5

the sentencing court's discussion, standing alone, could give the impression that a presumption was used").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED